## IN THE UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION
## AT COLUMBUS

| | | |
|---|---|---|
| **JANICE VOKURKA,** *Individually and as Administrator of the Estate of* **ROBERT,** | : | **Case No.** |
| **THOMAS LEACH, II** | : | |
| c/o Wright & Schulte, LLC. | : | **JUDGE** |
| 130 West Second Street, Suite 1600 | : | |
| Dayton, OH 45402 and | : | |
| | : | **COMPLAINT CIVIL** |
| **Plaintiff,** | : | **COMPLAINT AND JURY** |
| | : | **DEMAND** |
| vs. | : | |
| | : | |
| **TOM SCHWEITZER, WARDEN** | : | |
| c/o Madison Correctional Institution | : | |
| P.O. BOX 740 | : | |
| 1851 S.R. 56 | : | |
| London, OH 45422 | : | |
| | : | |
| And | : | |
| | : | |
| **CAPTAIN CHAMBERLAIN** | : | |
| c/o Madison Correctional Institution | : | |
| P.O. BOX 740 | : | |
| 1851 S.R. 56 | : | |
| London, OH 45422 | : | |
| | : | |
| And | : | |
| | : | |
| **CAPTAIN ALEXANDER** | : | |
| c/o Madison Correctional Institution | : | |
| P.O. BOX 740 | : | |
| 1851 S.R. 56 | : | |
| London, OH 45422 | : | |
| | : | |
| And | : | |
| | : | |
| **LIEUTENANT SEAVERS** | : | |
| c/o Madison Correctional Institution | : | |
| P.O. BOX 740 | : | |
| 1851 S.R. 56 | : | |
| London, OH 45422 | : | |

|                                                            |   |
|------------------------------------------------------------|---|
|                                                            | : |
| And                                                        | : |
|                                                            | : |
| **LIEUTENANT JACKSON**                                     | : |
| c/o Madison Correctional Institution                       | : |
| P.O. BOX 740                                               | : |
| 1851 S.R. 56                                               | : |
| London, OH 45422                                           | : |
|                                                            | : |
| And                                                        | : |
|                                                            | : |
| **LIEUTENANT WILSON**                                      | : |
| c/o Madison Correctional Institution                       | : |
| P.O. BOX 740                                               | : |
| 1851 S.R. 56                                               | : |
| London, OH 45422                                           | : |
|                                                            | : |
| And                                                        | : |
|                                                            | : |
| **LIEUTENANT DIMARTINO**                                   | : |
| c/o Madison Correctional Institution                       | : |
| P.O. BOX 740                                               | : |
| 1851 S.R. 56                                               | : |
| London, OH 45422                                           | : |
|                                                            | : |
| And                                                        |   |

**OFFCIER DOUGLAS HUNT**
c/o Madison Correctional Institution
P.O. BOX 740
1851 S.R. 56
London, OH 45422

And

**JOHN/JANE DOES 1-100**
**EMPLOYEES**
c/o Madison Correctional Institution
P.O. BOX 740
1851 S.R. 56
London, OH 45422

      **Defendants.**

## INTRODUCTION

1.      This is a civil rights action in which the Plaintiffs seek relief for the violation of rights secured by 42 U.S.C. § 1983 and the Eighth and Fourteenth Amendments.

2.      Plaintiff, Janice Vokurka, Administrator of the Estate of Robert Thomas Leach II, individually and on behalf of the Estate of Robert Thomas Leach II, brings this Complaint against the Defendant Madison Correctional Warden and Officers for the wrongful death of Robert Leach, II.

## JURISDICTION, VENUE AND PARTIES

3.      Jurisdiction over the federal civil rights claims is conferred on this Court by 28 U.S.C. §§ 1331, 1343(3), 1343(4); and 1391(b).  Venue is proper in this Division.

4.      The events that give rise to this lawsuit took place in Madison Correctional Institution.

5.      Plaintiff, Janice Vokurka, is the duly appointed Administrator of the Estate of Robert Thomas Leach II ("Robert"), by the Probate Court of Lake County, Ohio, which Estate is designated Case No. 21 ES 1061.  Plaintiff is, at all times relevant hereto, a citizen of the State of Ohio. Prior to Robert's death, Plaintiff was his legal and biological mother. In bringing this action against Defendant, Plaintiff acts in her individual capacity as Robert's mother and in her representative capacity for the benefit of the Estate of Robert Leach and Robert's next of kin.

6.      Plaintiff Robert Leach is at all times relevant hereto, a citizen of the State of Ohio. Prior to Robert's death, Plaintiff was his legal and biological father. In bringing this action against Defendant, Plaintiff acts in his individual capacity as Robert's father.

7.      Prior to his death, Robert was, at all times relevant hereto, a resident of the State

of Ohio entitled to protection by the laws of the State of Ohio. Robert was, at all times

relevant, an inmate, under the control, care and custody of Defendant pursuant to O.R.C.

§5120.16. At the time of his death he was living at Madison Correctional Institution

("MCI").

8.      Captain Chamberlain ("Chamberlain"), Captain Alexander ("Alexander"),

Lieutenant Seavers ("Seavers"), Lieutenant Jackson ("Jackson"), Lieutenant Wilson

("Wilson") and Lieutenant DiMartino ("DiMartino") and Douglas Hunt ("Hunt") were, at

all times relevant hereto, "officers; correctional officers or employees" pursuant to

section 109.36 of the Ohio Revised Code, employed by the State of Ohio, ODRC and/or

its instrumentalities as corrections officers at MCI  acting under the color of law.

9.      Warden Tom Schweitzer ("Warden Schweitzer") was, at all times relevant

hereto, an "officer or employee" pursuant to section 109.36 of the Ohio Revised

Code, employed by the State of Ohio and/or its instrumentalities as the lawful

Warden of MCI and was acting under the color of law.

10.     At all times relevant hereto, Shawn Brown was an inmate housed in MCI's

under the supervision of MCI and its staff.

11.     At all times relevant hereto, Robert Leach was an inmate housed in MCI.

Chamberlain, Alexander, Seavers, Jackson, Wilson, DiMartino, Tom Schweitzer, and

ODRC/MCI employees, officers (collectively referred to as "MCI staff") were under a

duty to provide reasonable care to Robert, and to protect him from the dangers incident to

other dangerous inmates and known poor and deteriorating cell conditions. At all times

relevant hereto, each of the MCI staff members were acting within the course and scope

and in furtherance of their employment with the State of Ohio.

12.     Defendant Jane and John Does are ODRC/MCI employees who knew and were responsible for monitoring Robert and his assailant's whereabouts and failed properly manage, supervise, and discharge their duties.

## FACTS

13.     It should be noted on multiple occasions the decedent's family through counsel has attempted to secure records and information surrounding Robert's death in this matter. ODRC and MCI officials have failed to and obstructively prevented discovery of most relevant facts in this matter. As a result, Plaintiff is forced to file a bare bones complaint in this Court.

14.     Robert arrived at Madison Correctional Institution in 2017 for a 7-year prison sentence and eligible for early release in November of 2021.

15.     Robert had previously been assaulted and injured on numerous occasions while incarcerated in ODRC facilities which was known to Defendants, including but not limited to Warden, Tom Schweitzer.

16.     Upon information and belief, on February 15, 2020, Defendants and Jane/John Doe Defendants failed to properly account for inmates in unit Robert Leach was killed.

17.     Specifically, Defendants would not conduct rounds on a timely basis in direct violation of ODRC policy.

18.     Additionally, recklessly, negligently or intentionally left cell doors open against ODRC/MCI policy.

19.     Upon information and belief, it is known that MCI employees and officials would often release RTU inmates into general population before they were permitted without informing proper parties and the general population inmates.

20.     Upon information and belief, Shawn Brown was formerly a resident of the Residential Treatment Unit (RTU). RTU is typically designated for inmates with mental health issues.

21.     After entering an unknown cell, Robert was killed by Inmate Shawn Brown.

22.     Subsequently, Shawn Brown killed his own cellmate.  Significant time passed while all of this occurred before MCI correctional officers finally came to the cell to find Shawn Brown trying to hide Robert's body under a bunk.

23.     So much time passed to the point that the killer was able to inexplicably ask for some blank envelopes before MCI officers came upon the tragic scene.

24.     Upon information and belief, after discovering Shawn Brown attempting to hide Robert's body, Defendants were overheard laughing and joking about finding Robert dead. Among those employees were, Captain Chamberlain, Captain Alexander, Lieutenant Seavers, Lieutenant Jackson, Lieutenant Wilson and Lieutenant DiMartino.

25.     Defendants acted negligently, recklessly, wantonly, willfully, knowingly, intentionally and with deliberate indifference to the safety of Robert Leach and the general MCI population.

26.     Given the pain and fear Robert likely experience while he was being killed and the pain and fear he continued to experience until he finally lost consciousness, as well as the painful manner of his death, made clear by the brutal injuries he sustained during the attack, Robert suffered emotionally and physically for a period of time.

27.     Defendant Warden Schweitzer knew Robert was generally at risk and in danger as a result of prior altercations and attacks resulting in significant injury.

28.     Defendant Schweitzer and other Defendant Supervisors ignored, knew and/or

should have known that its correctional officers at MCI were regularly failing to conduct timely prisoner checks, performing rounds and generally supervising the inmate populations.

29.     Defendant Schweitzer and other Defendant Supervisors knew and ignored that the conditions at MCI were deteriorating to such an extent that the inmates were able to procure or make weapons while MCI employees failed to conduct appropriate inspections for weapons.

30.     Defendant Schweitzer and other Defendants, their agents, employees, officers and/or members owed Robert Leach Jr. a duty to provide reasonable care and supervision. Defendants had a duty to protect Robert from unreasonable risks of physical harm which may arise from the known dangerous, reckless and negligent conditions of facilities and personnel in MCI, especially the unit wherein Robert died, from a known mentally ill inmate, all of which resulted in Robert's murder.

31.     It was foreseeable to Defendants, their agents, employees, officers and/or officers that injury or death were likely to result from the reckless, wanton, willful and negligent conduct of MCI employees in conjunction with the ease of movement allowed by MCI officials to inmates, specifically Shawn Brown, who killed Robert.

32.     Defendant, its agents, employees and/or offices had actual and/or constructive notice of the foreseeable risk factors to Robert, which included, but were not limited to:

a.     Failure to timely conduct cell inspections and rounds of inmate units;

b.     Failure to follow policies with regards to inspections and general rounds;

c.     Failure to ensure staff conducted through cell inspections and cell integrity checks and;

d.      Failure to properly release RTU inmates into general population under appropriate policy and procedure

33.      As a direct and proximate result of Defendant, its agents, employees, officers and/or members breach, Robert Leach Jr. suffered excruciating physical pain and severe mental anguish.

34.      Robert's injuries and death would not have occurred but for Defendant, its agents, employees, officers, and/or members' failure to exercise reasonable care, supervision and/or protection for Robert's safety as known conditions, practices, and inmate control required.

35.      As a further direct and proximate result of Robert's wrongful death, his survivors and/or heirs have suffered permanent damages, including but not limited to, the loss of his support, services, and society, including lost companionship, care, assistance, attention, protection, advice, guidance, counsel, instruction, training, and education, as well as the loss of prospective inheritance.

36.      As a further direct and proximate result of Robert's wrongful death, Robert's survivors, next of kin and/or heirs have suffered permanent damages, including but not limited to, grief, depression, and severe emotional distress. They have incurred funeral bills and other expenses

### FIRST CAUSE OF ACTION – FAILURE TO PROTECT
### (Eight Amendment-Failure to Protect)

37.      Plaintiff hereby incorporates all prior allegations.

38.      At all times relevant herein, Robert Leach, Jr. and Plaintiffs had a clearly established right to protection from known serious risks to great bodily harm under the Eighth Amendment and Fourteenth Amendments to the United States Constitution.

39.     At all times relevant, Robert Leach, Jr. and Plaintiffs had a clearly established right under the Eighth Amendment to the United States Constitution to be free from deliberate indifference to his great risks of bodily harm.

40.     At all times relevant herein, Defendants were acting under the color of law and were required to obey the laws of the United States.

41.     Upon information and belief, Defendants stood by and watched and/or recklessly, willfully and wantonly ignored while Mr. Leach was killed by Shawn Brown.

42.     Upon information and belief, Defendants knew that Shawn Brown was dangerous and had injured and attacked inmates before, yet still permitted him to be in general population with insufficient monitoring.

43.     Upon information and belief, Defendants knew that Robert Leach, Jr. had previously been attacked and injured in DRC facilities prior to his death.

44.     Upon information and belief, Defendants neglected to properly search Shawn Brown and the subject cells before permitting him to be near other inmates despite knowledge of his misconduct.

45.     Upon information and belief, Defendants recklessly, willfully and wantonly failed to monitor Robert Leach and Shawn  failing to immediately intervene to end Shawn Brown's assault and attack on Robert Leach.

46.     Defendants owed a duty to protect Plaintiffs from both the known risk that was Shawn Brown, a known violent threat.

47.     Defendants exhibited deliberate indifference to Plaintiffs' clearly established rights when they intentionally did not search Shawn Brown, conduct proper rounds and secure the cell in which Robert was killed, despite knowing they were required to.

48.     Defendants owed a duty to timely and immediately intervene and protect Plaintiffs when Brown was attacking him.

49.     Defendants exhibited deliberate indifference to Robert's clearly established rights when they he not immediately intervene to protect and instead waited until after Robert was killed and Brown had the chance not only to attempt to hide Robert's body, but talk to other inmates.

50.     A supervisor in individually liable under 42 U.S.C. § 1983 if the supervisor implicitly authorized, approved or knowingly acquiesced in unconstitutional conduct, or if he directly participated in the unlawful conduct.

51.     Defendants owed Robert Leach a duty to act and not be deliberately indifferent to known serious risks of physical harm against inmates. Defendants' neglect to do anything to keep Robert Leach safe and Shawn Brown away from other inmates despite knowledge of several previous instances of violence, violated Plaintiff's constitutionally protected right to be free from bodily harm.

52.    As a result of Defendants willful failure to protect Plaintiffs, they were severely injured and hospitalized for their injuries.

53.    Defendants' actions and inactions constituted deliberate indifference to Plaintiffs' right to be free from serious risks of bodily harm in violation of 42 U.S.C. § 1983 and his rights under the Eighth Amendment to the United States constitution to be free from cruel and unusual punishment.

54.    As a proximate result of the illegal and unconstitutional acts of the Defendants, Plaintiffs were harmed and suffered damages for their physical, mental, emotional injury and pain, mental anguish, humiliation, and embarrassment.

## SECOND CAUSE OF ACTION – VIOLATIONS OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983
### (Supervisory Individual Liability)

55.    Plaintiff hereby incorporates all prior allegations.

56.    A supervisor is individually liable under 42 U.S.C § 1983 if the supervisor implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate or directly participated.

57.    At all times relevant to this complaint, Defendant Schweitzer and other Defendants were supervisors acting under the color of law in his/her actions and omissions and at least implicitly approved, authorized or acquiesced in the unconstitutional conduct exhibited by his/her subordinate defendants named herein. Defendant Schweitzer and some or all of the individually named Defendants were acting under the direct supervision of other Defendants. Defendants individually and/or collectively established policies for subordinates to follow which permitted the Defendants to carry out the constitutional violations described herein.

11

58.     At all times relevant to this complaint, Defendant Schweitzer and other unknown Defendants were responsible for the supervision, discipline, and control of Defendants, yet least implicitly approved, authorized, or acquiesced subordinates' misconduct.

59.     As a result of Defendants actions and inactions, they exhibited deliberate indifference to Plaintiffs' constitutional rights in violation of 42 U.S.C. § 1983 and their rights under the Eighth and Fourteenth Amendments to the United States Constitution.

60.     As a proximate result of the illegal and unconstitutional acts of the Defendants, Plaintiffs were harmed and suffered damages for their physical, mental, emotional injury and pain, mental anguish, humiliation, and embarrassment.

### THIRD CAUSE OF ACTION – VIOLATIONS OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983 (Conspiracy to Deprive of Rights)

61.     Plaintiffs incorporate herein all prior allegations.

62.     At all times relevant, Plaintiffs had a clearly established right to be free from conspiracy to violate their constitutional rights to be free from bodily harm.

63.     At all times relevant herein, Defendants were acting under the color of law and were required to obey the laws of the United States.

64.     Defendants individually and/or collectively explicitly or implicitly agreed not to properly search, inspect and supervise a person who constituted a well-known threat of violence, MCI facilities and the subject cell.

65.     Defendants agreed to allow Shawn Brown to cause harm to Robert Leach, Jr.

66.     Defendants actions and inactions constitute an impermissible conspiracy to deprive an individual of their rights to be free from bodily harm in violation of 42 U.S.C § 1983 and the Fourteenth Amendment to the United States Constitution.

67.     As a proximate result of the illegal and unconstitutional acts of the Defendants, Plaintiffs were harmed and suffered damages for their physical, mental, emotional injury and pain, mental anguish, humiliation, and embarrassment.

## FOURTH CAUSE OF ACTION – VIOLATIONS OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983
### (Eighth & Fourteenth Amendment-Failure to Intervene/Protect)
### (Against Defendants John/Jane Doe Officers)

68.     Plaintiffs incorporate herein all prior allegations.

69.     At all times relevant, Plaintiffs had a clearly established right under the Eighth Amendment to the United States Constitution to be free from cruel and unusual punishment and deliberate indifference to medical needs and risks of harm.

70.     At all times relevant herein, Defendants were acting under the color of law and were required to obey the laws of the United States.

71.     Each of these Defendants owed a duty to intervene / protect when Shawn Brown was assaulting and killing Robert Leach.

72.     Each of these Defendants had the opportunity and means to prevent / stop the unlawful physical assault and death of Robert Leach.

73.     Defendant John/Jane Doe Officers had the opportunity to stop Shawn Brown from killing Robert Leach, Jr. but chose to either stand by and willfully, recklessly and/or negligently ignore what was happening.

74.     These Defendants were acting with deliberate indifference, recklessness, gross negligence, intent, and/or knowledge to the above described acts being inflicted upon Robert Leach, Jr., and as such, were the proximate cause of Robert Leach's death.

75.     The foregoing conduct by these Defendants itself amounted to a constitutional violation of Plaintiffs' rights under the Eighth and Fourteenth Amendments to the United States Constitution.

### FIFTH CAUSE OF ACTION – NEGLIGENCE; RECKLESS AND WILLFUL AND WANTON CONDUCT

76.     Plaintiffs incorporate herein all prior allegations.

77.     Plaintiff brings this claim as Administrator of the Estate of Robert Leach, Jr. for Defendant's negligence which caused conscious pain, suffering, injuries and damages sustained by Robert prior to his death, for the benefit of the estate.

78.     As a direct and proximate result of the reckless, willful/wanton and malicious conduct of Defendant, Robert Leach, Jr. was killed and died on February 15, 2020.

79.     Plaintiff has incurred funeral expenses by reason of the wrongful death of decedent.

80.     Plaintiff is further entitled to punitive damages and reasonable attorney's fees due to the intentional, reckless, and malicious actions of the Defendant as set forth herein.

### SIXTH CAUSE OF ACTION – WRONGFUL DEATH

81.     Plaintiffs incorporate herein all prior allegations.

82.     Plaintiff, Janice Vokurka, brings this claim of wrongful death, individually and as the mother and next of kin of Robert Leach, Jr.

83.     Plaintiff and Robert's next of kin, including his mother, father, and siblings have suffered the following damages as a result of Defendant's reckless, willful/wanton conduct as described above: loss of services, loss of society, including loss of companionship, consortium, care, assistance, attention, advise, mental anguish, pecuniary losses, loss of prospective inheritance, and funeral and burial expenses.

84.     As a direct and proximate result of the reckless, willful/wanton and malicious conduct of Defendant, Robert Leach, Jr. was killed and died on February 15, 2020.

85.     Plaintiff has incurred funeral expenses by reason of the wrongful death of decedent.

86.     Plaintiff is further entitled to punitive damages and reasonable attorney's fees due to the intentional, reckless, and malicious actions of the Defendant as set forth herein.

## JURY DEMAND

87.     Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court:

A.     Award Plaintiff compensatory damages in an amount to be determined at trial;

B.     All reasonable funeral and burial expenses;

C.     Award punitive damages against all Defendants in an amount to be shown at trial;

D.     Award Plaintiff reasonable attorney's fees, costs and disbursements;

E.     Award Plaintiff pre and post judgment interest;

F.     Other damages recoverable under Ohio's wrongful death statutes;

G.     And grant Plaintiff such additional relief as the Court deems just and proper.


Respectfully submitted,


*Robert L. Gresham*
Robert L. Gresham (0082151)
Michael L. Wright (0067698)
Attorneys for Plaintiff
Wright & Schulte, LLC.
130 West 2nd Street, Suite 1600
Dayton, Ohio 45402

Tel (937) 222-7477
Fax (937) 222-7911
rgresham@yourohiolegalhelp.com
mwright@yourohiolegalhelp.com

## JURY DEMAND

Now comes Plaintiff, by and through counsel, and hereby demands a trial by jury on all issues of this matter.

/s/ Robert L. Gresham_____
Michael L. Wright, Esq.
Robert L. Gresham, Esq.
*Attorneys for Plaintiff*