UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**JANICE VOKURKA,** *Administrator of the*
*Estate on behalf of Robert Thomas Leach, II*

      **Plaintiff,**

  v.

      Civil Action 2:22-cv-652
      Judge Sarah D. Morrison
      Magistrate Judge Chelsey M. Vascura

**WARDEN TOM SCHWEITZER,** *et al.*,

      **Defendants.**

## OPINION AND ORDER

This matter is before the Court for consideration of Plaintiff's response to the Court's Show Cause Order and motion for an extension of time to serve process and amend the Complaint. (ECF No. 12.) For the reasons that follow, Plaintiff's motion is **GRANTED**. The Court **EXTENDS** the deadline by which Plaintiff must effect service to **JULY 14, 2022**.

## I.

On February 14, 2022, Plaintiff filed her Complaint against the following Defendants: Warden Tom Schweitzer, Captain Chamberlain, Captain Alexander, Lieutenant Seavers, Lieutenant Jackson, Lieutenant Wilson, Lieutenant DiMartino, Officer Douglas Hunt, and John and Jane Does 1-100. (ECF No. 1.) The Complaint generally alleges claims arising from the wrongful death of Robert Leach, Jr. on February 15, 2020, while he was incarcerated at Madison Correctional Institution. (*Id.*) Plaintiff indicates that the claims alleged in this action against these individual Defendants cannot be brought in the Ohio Court of Claims. (ECF No. 12, PageID #37.)

Plaintiff, however, failed to perfect service of process on the Defendants within 90 days of filing the Complaint. Accordingly, the Court issued an Order directing Plaintiff to show cause as to why the action should not be dismissed without prejudice for failure to effect service, and why the Court should allow an extension of time to effect service. (ECF No. 3.) The Court's Show Cause Order also noted that Plaintiff had failed to amend the Complaint to identify the John and Jane Doe Defendants and serve them with process within the 90-day period to do so. (*Id.*)

Plaintiff responded to the Show Cause Order by moving for an extension of time until July 14, 2022, to serve Defendants with process. (ECF No. 12.) Plaintiff asserts that there is good cause for that extension because the claims alleged in this action will be barred by the statute of limitations if the action is dismissed without prejudice. (*Id.*) Moreover, Plaintiff asserts that the failure to serve process was due to excusable neglect—counsel's paralegal mistakenly believed that service would be issued automatically by the Clerk of this Court. (*Id.*) Plaintiff additionally seeks an extension until after discovery is done to amend the Complaint and identify the Doe Defendants. (*Id.*) Plaintiff asserts that earlier identification of the Doe Defendants is not possible because no discovery has been exchanged and that more time is needed to conduct discovery to identify them. (*Id.*)

## II.

**A.**   **Extension of the Service Deadline**

The time for service of process is set forth in Rule 4(m) of the Federal Rules of Civil Procedure. It provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a

2

specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). "Plaintiff bears the burden of exercising due diligence in perfecting service of process and in showing that proper service has been made." *Beyoglides v. Montgomery Cty. Sheriff,* 166 F. Supp. 3d 915, 917 (S.D. Ohio 2016) (internal citations omitted).

Although Rule 4(m) indicates that "good cause" for failure to serve process requires a Court to grant an extension, good cause is not defined in the Rule. The Sixth Circuit Court of Appeals has, however, "repeatedly recognized that extraordinary circumstances may warrant a finding of 'good cause' such that untimely service may be excused." *Warrior Imports, Inc. v. 2 Crave,* 317 F.R.D. 66, 69 (N.D. Ohio 2016) (internal citations omitted). On the other hand, "vague claims of hardship or unexpected difficulties in perfecting service" will not necessarily result in sufficient demonstration of "good cause." *Id.*

In any event, even in the absence of good cause, Courts can also exercise discretion and grant an extension of time to serve process. *Vergis v. Grand Victoria Casino & Resort,* 199 F.R.D. 216, 218 (S.D. Ohio 2000). When exercising such discretion and determining if an extension is appropriate, Courts in this district have considered the following factors:

> (1) whether a significant extension of time was required; (2) whether an extension of time would prejudice the defendant other than the inherent 'prejudice' in having to defend the suit; (3) whether the defendant had actual notice of the lawsuit; (4) whether a dismissal without prejudice would substantially prejudice the plaintiff . . . and (5) whether the plaintiff had made any good faith efforts at effecting proper service of process.

*Freeman v. Collins,* No. 2:08-cv-00071, 2011 WL 4914837, at *4 (S.D. Ohio Oct. 17, 2011) (quoting *Stafford v. Franklin Cty.*, Ohio, No. 2:04-cv-178, 2005 WL 1523369, at *3 (S.D. Ohio June 28, 2005) (internal quotation marks and citation omitted)).

Here, the Court is not convinced that Plaintiff has established good cause such that it must grant an extension. Plaintiff asserts that good cause exists because the claims alleged in this action will be barred by the statute of limitations if the Court dismisses the action without prejudice. (ECF No. 12.) But it is not clear, in the absence of additional information, if that is accurate given that in some instances Ohio's Savings Statute, Ohio Revised Code § 2305.19(a), can preserve a plaintiff's action if a plaintiff fails otherwise than upon the merits. Plaintiff also asserts that good cause exists because counsel's paralegal erred about the Clerk of this Court's procedures on issuing summons. (ECF No. 12.) But "inadvertence on the part of a lawyer's clerical staff does not constitute good cause." *Stafford*, 2005 WL 152336, at *3 (citing *Davis v. Brady,* No. 92-6300, 1993 WL 430137, at *3 (6th Cir. Oct. 22, 1993) (citations omitted).

Nevertheless, the Court finds that a discretionary extension is warranted. First, Plaintiff seeks a relatively modest extension of time, until July 14, 2022, which is only 60 days after the original service deadline and 45 days after the Court's Show Cause Order. The Court discerns no prejudice to Defendants if such an extension is granted. Plaintiff also indicates that the parties are engaged in litigation in the Ohio Court of Claims and that the same attorneys appear likely to be involved in this matter, thus suggesting that counsel, at least, may be aware of this matter. In addition, Plaintiff promptly responded to the Court's Show Cause Order and has filed paperwork with the Clerk of this Court seeking issuance of summons on the named Defendants. Moreover, the Court considers the Sixth Circuit's preference for deciding cases on the merits. *Thacker v. City of Columbus,* 328 F.3d 244, 252 (6th Cir. 2003); *see also Stafford*, 2005 WL 1523369, at *3 (noting that "disputes should be resolved on their merits rather than procedural or technical grounds"). In light of all these considerations, the Court readily finds that a discretionary extension of time to serve process is warranted.

B.   **Motion for Expedited Discovery**

Plaintiff also seeks an extension of "additional time following discovery to amend the Complaint" and identify the Doe Defendants. (ECF No. 12.) In support, Plaintiff urges that those identities cannot be ascertained without discovery. (*Id*.) The undersigned construes this request as a request for expedited discovery under Federal Rule of Civil Procedure 26 to ascertain the identifies of the Doe Defendants.

Rule 26 governs the timing and sequence of discovery. Rule 26(d) provides as follows:

> (1) Timing. A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order.
>
> (2) Sequence. Unless, on motion, the court orders otherwise for the parties' and witnesses' convenience and in the interests of justice:
>
>> (A) methods of discovery may be used in any sequence; and
>>
>> (B) discovery by one party does not require any other party to delay its discovery.

Fed. R. Civ. P. 26(d). Thus, Rule 26(d) vests the district court with discretion to order expedited discovery. *Lemkin v. Bell's Precision Grinding*, No. 2:08-CV-789, 2009 WL 1542731, at *1 (S.D. Ohio June 2, 2009) (citing *Qwest Communs. Int'l, Inc. v. Worldquest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003)). Courts considering motions for expedited discovery typically apply a good cause standard. *Lemkin*, 2009 WL 1542731, at *2 (citations omitted). The burden of demonstrating good cause rests with the party seeking the expedited discovery. *Id*. (citation omitted). The moving party may establish good cause by demonstrating that "'the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party.'" *Id*. (quoting *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273,

276 (N.D. Cal. 2002)). In addition, the scope of the requested discovery is also relevant to a good cause determination. *Lemkin*, 2009 WL 1542731, at *2 (citation omitted).

In the instant case, the Court concludes that good cause exists to permit the expedited discovery Plaintiff seeks, namely, limited discovery targeted at identifying the identities of her Doe Defendants so that she may amend her complaint and timely effect service under Federal Rule of Civil Procedure 4(m). *Cf. Yates v. Young*, Nos. 84-5586, 85-5701, 1985 WL 13614, at *2, 772 F.3d 909 (Table) (6th Cir. Aug. 28, 1985) ("Although designation of a 'John Doe' defendant is not favored in the federal courts, it is permissible when the identity of the alleged defendant is not known at the time the complaint is filed and plaintiff could identify defendant through discovery" (citations omitted)); *Petty v. Cty. of Franklin*, 478 F.3d 341, 345–46 (6th Cir. 2007) (affirming district court's dismissal of unnamed John Doe defendants pursuant to Rule 4(m) where the plaintiff failed to substitute the real names for his John Does and had failed to serve them within Rule 4(m) timeframe).

Accordingly, Plaintiff's request to conduct expedited discovery is **GRANTED**. Plaintiff may serve narrowly-tailored subpoenas or other written discovery commanding/seeking disclosure of her Doe Defendants' identifying information, including names, addresses, e-mail addresses, and telephone numbers. Plaintiff may utilize the information obtained through these subpoena[s] or written discovery solely for the purpose of prosecuting this action.

### III.

For the reasons set forth above, Plaintiff's Motion (ECF No. 12) is **GRANTED**. The Court **EXTENDS** the deadline by which Plaintiff must effect service to **JULY 14, 2022**, such that Plaintiff will be permitted until July 14, 2022, to serve process over the named Defendants

6

and amend her Complaint to identify the Doe Defendants and effect service over those Defendants.

    **IT IS SO ORDERED.**

                                            /s/ *Chelsey M. Vascura*
                                            CHELSEY M. VASCURA
                                            UNITED STATES MAGISTRATE JUDGE