UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **JANICE VOKURKA,**<br>**Administrator of the Estate of**<br>**Robert Thomas Leach II,** | : | |
| Plaintiff, | | Case No. 2:22-cv-652<br>Judge Sarah D. Morrison |
| v. | | Magistrate Judge Chelsey M. Vascura |
| **TOM SCHWEITZER,** *et al.*, | : | |
| Defendants. | | |

**OPINION AND ORDER**

This matter is before the Court on two pending motions: Janice Vokurka's, Administrator of Robert Thomas Leach II's estate, Amended Motion to Stay Pending Court of Claims Determination (ECF No. 128[1]) and Defendants' Motion to Dismiss (ECF No. 124).

**I.  BACKGROUND**

While serving a seven-year sentence in the custody of the Ohio Department of Rehabilitation and Correction ("ODRC"), Mr. Leach was assaulted and injured several times before he was killed by another inmate in 2020. (Am. Compl., ECF No. 59, ¶¶ 14, 15, 21.)

Ms. Vokurka filed this action on February 14, 2022, against the Warden of the Madison Correctional Institution ("MCI") and other officers that worked at

---

[1] In light of the filing of an amended motion, the Motion to Stay (ECF No. 127) is **DENIED as moot.**

1

MCI.[2] She alleges, among other things, that Defendants violated their duties of care to Mr. Leach and brought federal and state claims against them.

More than a year after this case was filed, the Court stayed the case until a determination was made on Defendants' immunity in Ms. Vokurka's case in front of the Ohio Court of Claims, *Janice Vokurka, Admr. v. ODRC*, Case No. 2022-00038JD. (ECF No. 108.) Before the Court of Claims decided on immunity in that case, Ms. Vokurka voluntarily dismissed the suit on February 2, 2024. Almost two months later, she re-filed her claims in the Court of Claims in the case captioned *Janice Vokurka, Admr. v. ODRC,* Case No. 2024-00297JD. Both of Ms. Vokurka's Court of Claims actions[3] are against ODRC and bring claims for negligence and wrongful death arising from Mr. Leach's death at MCI. The re-filed case is set for trial in February 2026. Because the Court of Claims case had been significantly delayed, the Court lifted the stay to allow this case to move forward. (ECF No. 122.)

## II. AMENDED MOTION TO STAY

Ms. Vokurka has moved the Court to issue another stay pending resolution of Case No. 2024-00297JD in the Court of Claims. (ECF No. 128.) However, the Court

---

[2] The MCI Warden is Tom Schweitzer. The other named defendants (using Ms. Vokuruka's spelling of their names) are Captain Chamberlain, Captain Alexander, Lieutenant Seavers, Lieutenant Jackson, Lieutenant Wilson, Lieutenant Michael DiMartino, Officer Douglas Hunt, Officer Blaylock, and Officer Matthews. All the defendants are or were correctional officers and employees of the State of Ohio. (Am. Compl. ¶¶ 8, 9.) Officer Hunt was dismissed without prejudice from the action. (ECF No. 109.)

[3] On February 15, 2022, Ms. Vokurka filed a suit in the Court of Claims, *Janice Vokurka, Admr. v. Unknown,* Case No. 2022-00098JD. The Court dismissed the case without prejudice because Ms. Vokurka failed to amend her complaint to name a state department or agency.

2

has reviewed Defendants' pending Motion to Dismiss and concludes that the Motion can and should be resolved independently of the on-going Court of Claims litigation. Accordingly, the Amended Motion to Stay is **DENIED**.

### III. MOTION TO DISMISS

#### A. Standard of review

When reviewing a Rule 12(b)(6) motion to dismiss for failure to state a claim, a Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (quoting *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)). "[T]o survive a motion to dismiss, a complaint must contain (1) 'enough facts to state a claim to relief that is plausible,' (2) more than 'a formulaic recitation of a cause of action's elements,' and (3) allegations that suggest a 'right to relief above a speculative level.'" *Tackett v. M&G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

#### B. Analysis

Defendants move to dismiss the claims against them on multiple grounds, but their arguments regarding the Leaman Doctrine are dispositive.

The Leaman Doctrine arises out of the case of *Leaman v. Ohio Dep't of Mental Retardation & Dev. Disabilities*, in which the Sixth Circuit held that under

3

the Ohio Court of Claims Act, Ohio Revised Code § 2743.02(A)(1), filing a lawsuit against the State of Ohio in the Ohio Court of Claims results in a "complete waiver" of any cause of action against a state employee arising out of the same act or omission.[4] *Leaman v. Ohio Dep't of Mental Retardation & Dev. Disabilities,* 825 F.2d 946, 952 (6th Cir. 1987). Since that case was decided, "[t]he Sixth Circuit has consistently applied *Leaman* to bar plaintiffs from bringing suit in federal court against a state employee after bringing suit against the state in the Court of Claims based on the same claim." *Plinton v. Cty. of Summit*, 540 F.3d 459, 463 (6th Cir. 2008); *see also Savage v. Gee*, 665 F.3d 732, 738 (6th Cir. 2012) ("Because we have repeatedly held that federal damages claims against state officials are barred where claims based on the same act or omission were previously raised in the Court of Claims, we agree with the district court's finding that Savage's claims for damages are barred.").[5]

In addition to filing her federal complaint against the Warden and individual officers at MCI, Ms. Vokurka filed a complaint in the Ohio Court of Claims (Case No. 2022-00038JD) based on the same set of facts as her federal complaint. *See Janice Vokurka, Admr. v. ODRC,* Case No. 2022-00038JD. She does not dispute that the Leaman Doctrine applies to her claims here. Instead, she argues that the

---

[4] Ohio Revised Code § 2743.02(A)(1) provides that "filing a civil action in the court of claims results in a complete waiver of any cause of action, based on the same act or omission, that the filing party has against any officer or employee."

[5] Such a plaintiff may proceed in federal court if he seeks equitable relief. *Thomson v. Harmony*, 65 F.3d 1314, 1320–21 (6th Cir.1995). Ms. Vokurka seeks only monetary relief in her Amended Complaint.

Court should ignore *Leaman* and its progeny in favor of adopting the position of the dissent in *Leaman*. But this Court has adopted *Leaman* and concluded that, when a plaintiff's federal lawsuit arises from the same acts or omission alleged in an Ohio Court of Claims case, a "waiver applies to any cause of action, based on the same acts or omissions, which [plaintiff] may have against any officer or employee of the state." *Smith v. Yost*, No. 1:23-CV-749, 2023 WL 8824832, at *4 (S.D. Ohio Dec. 21, 2023), *report and recommendation adopted*, 2024 WL 3450753 (S.D. Ohio Apr. 30, 2024) (quoting *Easley v. Bauer*, No. 1:07-CV-37, 2008 WL 618642, at *2 (S.D. Ohio Feb. 29, 2008); *see also Thomas v. Ohio Dep't of Rehab. & Correction*, 36 F. Supp. 2d 1005, 1007–1008 (S.D. Ohio 1999) (explaining that the plaintiff waived any cause of action she might have had against her ODRC supervisor by filing nearly identical actions in the Ohio Court of Claims, even though she dismissed her Court of Claims suit before it was decided on the merits).

Ms. Vokurka's claims are **DISMISSED**.

### IV. CONCLUSION

For the reasons set forth above, Ms. Vokurka's Motion to Stay (ECF No. 127) is **DENIED as moot**; her Amended Motion to Stay (ECF No. 128) is **DENIED**; and the Defendants' Motion to Dismiss (ECF No. 124) is **GRANTED.** The Clerk is **DIRECTED** to **TERMINATE** this case from the docket records of the United States District Court for the Southern District of Ohio, Eastern Division.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**